IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL ELCHIK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 2:12-cv-00578 |
| v. | ) |
| | ) Judge Mark R. Hornak |
| AKUSTICA, INC., et al, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION**

On November 13, 2012, the Chief Magistrate Judge held oral argument on Defendant Robert Bosch GmbH's ("GmbH") Motion to Dismiss for Lack of Jurisdiction (ECF No. 11),[1] along with the Motion to Dismiss filed by the other Defendants under Fed. R. Civ. P. 12(b)(6) (ECF No. 5) seeking to dismiss the Plaintiff's case for a failure to state a claim. At the conclusion of that argument, she did not rule, one way or the other, on the merits of either Motion, but instead entered an Order ("Order") authorizing very specific and focused discovery relative to the actions of Dr. Stefan Finkbeiner, who had submitted an affidavit in support of GmbH's Motion to Dismiss on personal jurisdiction grounds. (ECF No. 11).

Notwithstanding that the Chief Magistrate Judge did nothing that disposed of any claim or defense in this action (in whole or in part), all of the Defendants have nonetheless both appealed from (ECF No. 41) and objected to (ECF No. 42) that discovery-directing Order, and contend that this Court is obligated to engage in a *de novo* review of that Order, and to reverse it. (ECF No. 50 at 3). Because that Order is not by any measure dispositive of any claims or defenses, Fed. R. Civ. P. 72(a), (b); 28 U.S.C. §636(b)(1)(A), (B), this Court may reverse or

---

[1] This Motion claimed that this Court lacked personal jurisdiction over GmbH.

1

modify it only if it is clearly erroneous or contrary to law. *Id.* Because it is neither, for the following reasons, that Order is affirmed and all parties, including the appealing/objecting Defendants, are directed to proceed with litigation activity in conformity with that Order and the directions of the Chief Magistrate Judge.[2]

This is a case alleging age discrimination in violation of federal law. 29 U.S.C. §621 *et. seq.,* ("ADEA"). Plaintiff claims that he was employed by Defendant Akustica as a Vice President until he was fired on October 26, 2009. He asserts that the various business reasons assigned for his dismissal were wholly pretextual, that his job duties were then assumed by younger employees, and that necessary senior management officials of each of the Defendants (including GmbH) were directly and materially involved in the decisional background leading up to his dismissal, and in its execution. *See generally* ECF No. 1. The Defendants each vigorously contest those assertions, and GmbH goes one step further in alleging that it and Dr. Finkbeiner had no role (as an entity or as a representative of GmbH) in any employment action as to Plaintiff, that the ADEA cannot be applied to GmbH, and that this Court may not exercise personal jurisdiction over GmbH. (ECF Nos. 12, 26, 37).

This Court plainly has the *power* to adjudicate the question of whether GmbH may have any liability under those laws. The Complaint facially alleges a federal claim as to which this Court has federal question jurisdiction. Congress has granted that decisional power by statute. 28 U.S.C. §1331. If it turns out that GmbH is correct that the ADEA does not (by statutory definition) reach its actions even if they would otherwise be proscribed by the terms of that law,

---

[2] The Court cannot help but note the prolix and complicated filings of Defendants that amount to a frontal assault on each and every aspect of a not-out-of-the-ordinary discovery order in the context of a motion filed pursuant to Fed. R. Civ. P. 12(b)(2). Those filings inaccurately characterize the nature of the Order as one requiring *de novo* review, both appeal from (ECF No. 41) and object to (ECF No. 42) the Order, and seek to have this Court rearrange the decisional priority of the pending motions which has been assigned by the Chief Magistrate Judge by directing her to decide the pending Motions to Dismiss on the merits before doing anything else. For the reasons set forth in this Memorandum Opinion, this Court can discern no basis to disturb the Order.

or that Plaintiff's ADEA claim otherwise fails as a matter of law, that does not also mean that this Court is without the power to decide that very question. It would instead mean that Plaintiff has no valid ADEA claim. Thus, GmbH's claim that this Court lacks subject matter jurisdiction wholly misses the mark.[3]

The Chief Magistrate Judge concluded that deciding GmbH's personal jurisdiction motion requires the development of a more extensive factual record, as is often the case with a motion filed under Fed. R. Civ. P. 12(b)(2). *See Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d 324, 336 (3d Cir. 2009); *Flagship Interval Owner's Ass'n Inc. v. Phila. Furniture Mfg. Co.*, 2010 WL 1135736, at *2 (D.N.J. Mar. 22, 2010); 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* §1351 (3d ed. 2012) (a district court has "considerable procedural leeway in choosing a methodology for deciding [a 12(b)(2)] motion."). GmbH must also know this, as it has submitted detailed affidavits of Dr. Finkbeiner and one Bettina Holzwarth directed to exactly such matters.[4] This Court concludes that the Chief Magistrate Judge's Order allowing inquiry as to Dr. Finkbeiner's actions, and the degree to which such actions might support an ADEA claim against GmbH and the exercise of personal jurisdiction over GmbH, is not only *not* clearly erroneous or contrary to law, but is plainly correct and in full conformity with the law.

---

[3] Under GmbH's theory, the subject matter jurisdiction of this Court relies on the existence of an ADEA claim. If there is no valid ADEA claim, there can therefore be no subject matter jurisdiction, or so the argument goes. The problem with that approach is that it would necessarily convert every 12(b)(6) motion in a federal question case into a 12(b)(1) motion. The logical extension of such a theory is that a court would not have subject matter jurisdiction to dismiss a claim over which it therefore never had jurisdiction. The Defendants' citation to cases which dismissed claims due to a complete failure to comply with a jurisdictional filing requirement, *Gissen v. Tackman*, 537 F.2d 784 (3d Cir. 1976), to raise *any* federal claim on the face of the Complaint, *Trent Realty Assoc. v. First Fed. Sav. & Loan Ass'n*, 657 F.2d 29 (3d Cir. 1981), or which declined to exercise supplemental jurisdiction over state law claims after an ADEA claim was dismissed under Fed. R. Civ. P. 12(b)(6), *Vollinger v. Merrill Lynch & Co., Inc.*, 198 F.Supp.2d 433 (S.D.N.Y. 2002) do not make Defendants' arguments any less circular. Those cases do not address the issue here, and do not support the argument that this Court lacks subject matter jurisdiction *vel non*.

[4] It is odd indeed for GmbH to on the one hand support (as well it may) its motion to dismiss for lack of personal jurisdiction with detailed factual affidavits seeking to demonstrate why this Court may not exercise such personal jurisdiction over GmbH, and then turn around and attack an order that allows Plaintiff to use limited Court-ordered discovery to test that very factual record.

3

The crux of the Defendants' argument is that it would be better if the Court decided now that GmbH (and all of the other Defendants) will prevail on the merits of the Motions to Dismiss, for if they do, then the Court may exercise no power over them, as there would be no claim against them.[5] This argument conflates whether the ADEA applies to Defendant GmbH at all with the question of whether this Court possesses the adjudicatory power to decide that issue. In support of their position, Defendants contend that the Chief Magistrate Judge erred by issuing her limited discovery Order before she decided GmbH's Motion to Dismiss for want of personal jurisdiction and the Motion to Dismiss of the other Defendants for failure to state a claim. The problem is that even if one were to buy the merits arguments advanced by GmbH specifically (and by all of the Defendants generally), to do so the Court must nonetheless decide if the ADEA could apply to GmbH because one or more GmbH representatives took actions relative to Plaintiff's employment in a manner which subjected that entity to the personal jurisdiction of this Court, and triggered the application of the ADEA to GmbH.

Defendants, GmbH in particular, may well be correct that at the end of the day, they will prevail on these issues. It may be that Plaintiff's ADEA claims are barred by the statute of limitations. It may be that neither Dr. Finkbeiner nor anyone else was acting on behalf of GmbH at all relative to Plaintiff's dismissal, or at least not in a way that would bring it within the ambit of the ADEA, or of the personal jurisdiction of this Court. It may be that the actions of no other Defendant may be fairly attributed to GmbH. But, it may also be the case that some, or all, of those issues end up cutting against Defendants, including GmbH. Many, if not all, of them carry

---

[5] The parties also each identify points of alleged non-compliance by the other with one or more procedures or norms of this Court. Some are procedural (brief filing deadlines), and some have more substance (the raising of new issues via a reply brief). The Court concludes that given that each party has taken the opportunity to fully ventilate their position in the record before the Court, no party has been prejudiced by any such infractions.

4

a substantial material factual overlay[6], and this Court's examination of the hundreds of pages of briefing and exhibits related to just the appeal/objections demonstrates that contrary to the Defendants' assertions, the factual predicates to the adjudication of them are by no means settled or "not in dispute."[7] *See* ECF No. 42 at 7 (claiming that a central factual assertion in the Holzwarth Declaration is "undisputed").

In that context, the Order's provisions for limited discovery relative to the issue of personal jurisdiction, and the effect (if any) of Dr. Finkbeiner's actions on the role of GmbH are not at all erroneous, particularly in light of the factual submissions of GmbH. Those are questions that turn on the resolution of whether Plaintiff's employment termination was the result of actions taken by a representative of GmbH acting in such capacity, and whether that entity was or was not involved in Plaintiff's dismissal and was therefore within the reach of the ADEA. 29 U.S.C. §623(h). They implicate the very sort of factual issues that relate not only to the personal jurisdiction of the Court over GmbH, but also the degree to which GmbH engaged in activity that would cause it to be covered by the ADEA. The limited discovery authorized by the Chief Magistrate Judge fits the bill, with precision, for the accomplishment of that mission.

Finally, the Court notes the much, if not all, of the balance of the Defendants' Motions and supporting papers are devoted to an argument that the Chief Magistrate Judge erred by not first deciding the merits of the Defendants' Motions to Dismiss before allowing such limited jurisdictional discovery. In this way, the Defendants in essence now appeal from/object to the

---

[6] These include, but are not limited to: the variances in the forms of Dr. Finkbeiner's submitted Declarations, the relationship between Akustica and GmbH (and in particular the role of each – if any – in Plaintiff's dismissal), the capacity in which Dr. Finkbeiner was acting, the degree to which actions of Akustica may be attributed to GmbH (and vice versa), and who controlled Akustica and GmbH vis-à-vis Plaintiff's employment and dismissal. *See* ECF No. 51 at 28, 30, 32, 33, 37, 39.

[7] The volume and ferocity of the pages upon pages of briefing and supporting materials on these preliminary issues causes the Court to wonder whether the parties and their counsel have preserved any earth to further scorch as this litigation unfolds. The Chief Magistrate Judge's direct, hands-on management of pretrial matters in this action is therefore entirely appropriate in such a situation.

non-decision (so far) of their Motions to Dismiss. The applicable rules do not provide a vehicle for such a challenge, and for the reasons stated above it would not be well-taken in this context if they did. The priority of decision-making adopted by the Chief Magistrate Judge is certainly not clearly erroneous nor contrary to law given the allegations and posture of this case.

For these reasons, the Defendants' appeal/objections of and to the Chief Magistrate Judge's Order are overruled, and that Order is affirmed/adopted by this Court.

An appropriate Order will issue.

_____
Mark R. Hornak
United States District Judge


Dated: January 3, 2013

cc: All counsel of record