# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL ELCHIK, | ) |
| Plaintiff, | ) Civil Action No. 2:12-cv-00578 |
| | ) |
| v. | ) U.S. District Judge Mark R. Hornak |
| | ) Chief Magistrate Judge Lisa Pupo Lenihan |
| AKUSTICA, INC., et al, | ) |
| | ) ECF Nos. 5 and 11 |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

The Complaint in the above captioned case was received by the Clerk of Court and was filed on May 1, 2012 and was referred to United States Magistrate Judge Lisa Pupo Lenihan for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. §636(b)(1), and Local Rules of Court 72.C and 72.D.

The March 6, 2013 Report and Recommendation (the "Report") (ECF No. 64) recommended that Defendant Bosch GmbH's Motion to Dismiss for Lack of Personal Jurisdiction (ECF No. 11) be denied without prejudice to renew in accordance with this Court's determination that the jurisdictional motion could not be decided without specific, limited discovery, ordered to be undertaken by the parties. It further recommended that the other Defendants' (*i.e.*, Akustica, Bosch N.A. and Bosch LLC) Motion to Dismiss (ECF No. 5) be denied as moot as to Plaintiff's voluntarily withdrawn claims for violation of the Pennsylvania Human Relations Act (the "PHRA"), 43 Pa. Cons. Stat. Ann. Section 955(a) *et seq.*, and breach of fiduciary duty; granted as to Plaintiff's third-party-beneficiary claim for breach of contract against Akustica; and denied as to Plaintiff's claim for violation of the Age Discrimination in Employment Act (the "ADEA"), 29 U.S.C. Section 623(a)(1), against the Defendants.

1

Service was made on all counsel of record. The parties were informed that in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Rules of Court, that they had fourteen (14) days to file any objections. Objections were filed to the Report and Recommendation, along with an appeal from it, by all Defendants on March 20, 2013 (ECF No. 68, 69); Plaintiff filed a Response to the objections on April 3, 2013 (ECF No. 70, 71).

After review of the pleadings and pertinent documents in the case, including the Defendants' Objections to the Report and Recommendation, the Plaintiff's Response, and the lengthy Report and Recommendation itself, the following Order is entered:

**AND NOW**, this 5th day of April, 2013, **IT IS HEREBY ORDERED** that Defendant Bosch GmbH's Motion to Dismiss for Lack of Personal Jurisdiction (ECF No. 11) is denied without prejudice to renew it in accordance with this Court's previous Orders and as set forth in the Report and Recommendation.

**IT IS FURTHER ORDERED that** the remaining Defendants' Motion to Dismiss (ECF No. 5) are (a) denied as moot as to Plaintiff's voluntarily withdrawn claims for violation of the Pennsylvania Human Relations Act (the "PHRA"), 43 Pa. Cons. Stat. Ann. Section 955(a) *et seq.*; and breach of fiduciary duty, (b) granted as to Plaintiff's third-party-beneficiary claim for breach of contract against Akustica, and (c) denied as to Plaintiff's claim for violation of the Age Discrimination in Employment Act (the "ADEA"), 29 U.S.C. Section 623(a)(1), against the Defendants.

**IT IS FURTHER ORDERED** that the Report and Recommendation of Chief Magistrate Judge Lenihan dated March 6, 2013 is adopted as the Opinion of this Court, except as to that portion of the Report and Recommendation set forth at pages 15 to 25 inclusive as relating to the

inherent authority of the Equal Employment Opportunity Commission ("EEOC") to issue a Notice of Reconsideration. The Court declines to adopt that portion of the Report and Recommendation solely because the Court concludes that the Report and Recommendation's analysis and conclusion that the 90-day filing period could be equitably tolled by the EEOC's Notice of Intent to Reconsider dated November 3, 2011 revoking its October 17, 2011 Notice of Right to Sue followed by its Notice of Right to Sue dated February 3, 2012 is plainly correct. If it is demonstrated that the timing of the filing of the Plaintiff's ADEA claim was affected by that procedural two-step on the part of the EEOC, it would be fundamentally inequitable that such tolling doctrine not apply in the specific circumstances of this case, given that its application would be based specifically on the affirmative acts of the EEOC. *See McCray v. Corry Mfg. Co.,* 61 F. 3d 224, 226, n. 2.

Once the EEOC issued its Notice of Reconsideration and then its second Notice of Right to Sue, the Plaintiff was in a position in which he could have justifiably relied upon that communication from the federal agency charged with the administration and enforcement of the ADEA, and this Court is simply not in a position at the Motion to Dismiss stage to conclude that his filing of a lawsuit setting forth his claim under the ADEA was therefore untimely as a matter of law.[1] Our Court of Appeals has cautioned that it is generally inappropriate to resolve a plausible equitable tolling argument against a plaintiff at the Motion to Dismiss stage, especially considering that the statute of limitations is an affirmative defense. *See In re Community Bank of Northern Virginia,* 622 F. 3d 275, 301-02 (3d Cir. 2010).

---

[1] This is so whether the EEOC has the authority to reconsider its first Notice of Right to Sue or to thereafter issue its second Notice of Right to Sue. The tolling doctrine is triggered by the impact of those Notices from the EEOC on the actions of the Plaintiff, not by their validity.

3

This is the case even when what is known as the "Third Circuit Rule" is applied, which permits the assertion of a statute of limitations defense at the Motion to Dismiss stage when the time alleged in the statement of the claim shows that the cause of action was not brought within the statute of limitations. *See Robinson v. Johnson*, 313 F. 3d 128, 135 (3d Cir. 2002), *cert. denied*, 540 U.S. 826 (2003). Here, that is not the case at all, as the Complaint, ECF No. 1, ¶ 2, pleads that this action was in fact instituted within the limitations period, calling into question whether the Defendants can litigate their limitations defense at this stage of the proceedings in the first instance. *Rycoline Products, Inc. v. C&W Unlimited*, 109 F.3d 883, 886 (3d Cir. 1997).

As the Chief Magistrate Judge accurately noted in her Report and Recommendation, as a general matter, a court may elect to consider omitted matters when it is apparent that the pleader had notice of them at the time the Complaint was filed. ECF No. 64, at 15, n. 27. That said, the obligation of the Court to consider the omitted EEOC procedural documents pre-dating the February, 2012 Right to Sue Notice pled in the Complaint is not nearly as compelling as the Defendants contend. The Plaintiff's Complaint is accurate in that the EEOC did issue a Right to Sue notice on February 3, 2012 and that the Plaintiff acted in accordance with it. Thus, the face of the Complaint does not demonstrate that the assertion of the ADEA claim was untimely. If it is untimely, it is only because, as the Defendants contend, the February, 2012 EEOC Notice has no legal significance.

Plaintiff can hardly be taken to task for his reliance at the pleading stage on an actual EEOC Right to Sue Notice. That he did not affirmatively anticipate and then rebut the defenses to be raised by the Defendants (including one premised on the legal invalidity of the EEOC's actions) does not strike the Court as falling short in his pleading duties. Also, holding him to the pleading standard advocated by the Defendants would in effect expand what is a rather narrow

exception embodied in the "Third Circuit Rule" by converting a permissible consideration of matters stated on the face of the Complaint into a legal battle involving matters outside of and collateral to the Complaint. Thus, the Defendants' contention that the Plaintiff was obligated to demonstrate in his Complaint that the applicable limitations period was equitably tolled, ECF No. 10 at 2, or that the EEOC's February, 2012 Notice of Right to Sue was valid, is without merit. After all, the statute of limitations is a defense.

Whatever the *Twiqbal* rule, *RHJ Med. Ctr. Inc. v. City of DuBois*, 754 F.Supp. 2d 723, 730 (W.D. Pa. 2010), stands for, it is not a direction, or invitation, for trial courts to in effect decide the merits of a case at the pleadings stage, except in those limited cases in which the Complaint *facially* demonstrates a lack of plausibility. *See In re Ins. Brokerage Antitrust Litig.*, 618 F. 3d 300, 341 n. 42 (3d Cir. 2010); *Grier v. Klem*, 591 F.3d 672, 676 (3d Cir. 2010). When, as here, the face of the Complaint does not reveal that the ADEA claim is time-barred, and a plausible basis is then presented for the application of a tolling doctrine, the Chief Magistrate Judge was quite correct in concluding that it would be inappropriate to resolve at the Motion to Dismiss stage the contested application of that affirmative defense.

The Court therefore concludes that it is not necessary to the decision and judgment of the Court to now reach or resolve those interpretive matters set forth at pages 15 to 25 inclusive of the Report and Recommendation relating to the statutory, regulatory or inherent authority of the EEOC to issue a Notice of Reconsideration as to a claim arising under the ADEA. It is sufficient at this juncture to conclude that the Plaintiff's receipt of a Notice of Reconsideration from the EEOC purporting to put a halt to his obligation to file his ADEA lawsuit within the ninety (90) day period set out in the EEOC's first Notice of Right to Sue may equitably toll that ADEA filing period.

That is not to say that this issue may not become relevant at the summary judgment stage of the proceedings. As the Chief Magistrate Judge cogently noted, the application of the "inherent authority" doctrine to support the EEOC's power to issue a Notice of Reconsideration necessarily involves balancing the tried and true principle that decisional bodies must have the ability to reconsider their own decisions, particularly when that reconsideration comes within the applicable limitations period, ECF No. 64 at 21, with the concern that such power not be exercised in a fashion that allows for the avoidance of limitations periods or filing obligations otherwise defined by statute. *Id.* at 25.

As the Chief Magistrate Judge observed, it is a far different case when the EEOC would purport to "reconsider" after the ninety-day filing period has expired, as opposed to the situation here, where that action took place within the ninety-day window. At the same time, the Court believes that before the EEOC could have the inherent authority to reconsider in a fashion that would extend (rather than resurrect) that ninety-day period, it would have to be demonstrated that the agency did, in fact, engage in "reconsideration". Otherwise, a limitations period prescribed by Congress could be easily circumvented in the absence of the actual exercise of agency discretion. *See* Report and Recommendation, ECF No. 64 at 23, n. 42. Therefore, the application of the "inherent authority" doctrine could also involve the resolution of a factual issue as to the reality of reconsideration, making it inappropriate to conclusively resolve its application at the Motion to Dismiss stage. In any event, the Court would not need to reach that question at all, one involving significant interpretive and policy choices on which our Court of Appeals has yet to weigh in, if the facts adduced in discovery support the applicability of the equitable tolling doctrine. *See Fowler v. UPMC Shadyside,* 578 F. 3d 203, 213 (3d Cir. 2009) (role of reasonably anticipated discovery).

Therefore, as the Chief Magistrate Judge recommended, dismissal of Plaintiff's ADEA claims now on statute of limitations grounds would be improvident.

Mark R. Hornak
United States District Judge

Dated: April 5, 2013

cc: All counsel of record (*Via Electronic Mail*)